MARTIN BROWN *et al., Trustees, etc.* v. BENJAMIN C. HODGMAN, *Executor, et al.*

(No. 9262)

Submitted February 3, 1942. Decided March 10, 1942.

*Martin Brown,* for appellants.

*Lloyd Arnold, Charles E. Carrigan* and *Evans & Evans,* for appellees.

KENNA, JUDGE:

This cause was instituted in the Circuit Court of Marshall County by Martin Brown and W. Foss Curtis, Trustees for waiving depositors of Marshall County Bank

against Benjamin C. Hodgman, Executor of B. F. Hodgman, deceased, and others for the purpose of subjecting to the lien of a judgment owned by the plaintiffs and against B. F. Hodgman as an individual certain land, located in Marshall County, including a tract of 29.84 acres, the legal title to which was vested in "B. F. Hodgman, Trustee", at the time the judgment now owned by the plaintiffs was placed of record in that county on the thirteenth day of May, 1933. The cause was referred to a commissioner in chancery who reported, among other things, that the judgment of plaintiffs is a lien upon the entire tract of 29.84 acres, thus holding that Hodgman in his lifetime was vested with the entire title as an individual. Upon the incoming of the report, the trial court sustained exceptions of P. D. Beck and Moundsville Livestock Auction Company and others, Beck being the immediate grantee and the Auction Company the remote grantee of B. F. Hodgman, trustee, of 4.04 acres, part of the parcel of 29.84 acres to the entirety of which, under the commissioner's report, plaintiffs' judgment attached.

It appears from the report of the commissioner, as well as from the allegations of the bill of complaint and exhibits therewith, that on the twenty-sixth day of February, 1936, B. F. Hodgman, trustee, conveyed to P. D. Beck the 4.04 acre tract. The commissioner was of the opinion, and so reported, that the entire title of the 29.84 acre tract, including the 4.04 acre tract, conveyed to Hodgman remained subject to the lien of the judgment against B. F. Hodgman rendered and recorded in May, 1933. In sustaining Beck's exceptions to the commissioner's report, the trial chancellor, in effect, held that the lien of the judgment extended to and affected only the interest of Hodgman in the remaining part of the tract of 29.84 acres, of which Hodgman, trustee, died seized and possessed, due to the fact that that tract of land was vested in him as trustee, and consequently that the judgment against him individually would attach to no more than his actual and remaining interest as a *cestui que* trust, there being no fraud nor collusion alleged or shown. The chancellor having sustained these and other exceptions to the commis-

sioner's report, the report was otherwise confirmed, and a decree adjudicating debts and priorities and finding that there was an insufficient personal estate to meet the indebtedness, ordered the land to be sold. From that decree, this appeal was taken.

The position of the appellants, plaintiffs below, in substance, is that the deed under which B. F. Hodgman, trustee, acquired title to the 29.84 acres vested the fee in him as an individual, the word "Trustee" immediately following his name in the granting clause being only *descriptio personae* (description of the person), that he therefore took the fee to which the lien of their judgment attached; while the defendants take the position that under the terms of the deed, which is exhibited with the bill of complaint, Hodgman took as trustee under a valid, enforceable trust with unrestricted powers of alienation, and that since the facts shown by an exhibit to a bill of complaint are controlling over its allegations, their demurrer should have been sustained; and further, that they proved before the commissioner in chancery that a certain paper executed prior to the deed to Hodgman, to which paper he was a party, named the persons for whose benefit he held title to the 29.84 acres, described the interest held by each, and that his interest therein was an 85/200 part thereof, and that the decree of the trial chancellor based upon that showing is free from error.

The first question to be disposed of is the contention of the appellants, plaintiffs below, that so far as the lien of their judgment relates to the tract of 4.04 acres now owned by the Auction Company and conveyed to it by P. D. Beck is concerned, there having been no appearance at rules, the allegations of their bill of complaint were taken for confessed, the named defendants filed no answer at the ensuing term, and the trial chancellor erred in not entering a final decree as to their interests. There was no final decree presented nor was there objection to the order of reference entered at the term following the maturity of the cause at rules. It must be remembered that although according to the allegations of the bill of complaint, it was the purpose of this proceeding to subject

certain real estate to the lien of the plaintiffs' judgment, nevertheless, the judgment debtor being then dead, the proceeding was properly treated by the trial chancellor as a proceeding to subject the land and settle the estate of B. F. Hodgman. The conduct of such a proceeding is entirely governed by statute, and for that reason where the terms of the applicable provisions conflict with those governing procedure at rules and their consequence, the statutes governing cases brought for the purpose of settling the estates of decedents are controlling.

Code, 44-8-7, authorizes a creditor, after the expiration of six months from the appointment of the personal representative, during which such a proceeding has not been brought, to institute a proceeding to subject the land of a decedent to the payment of his debts, and the following section, Code, 44-8-8, expressly provides that there shall be no decree entered ordering the distribution of proceeds until after referring the cause to a commissioner in chancery, before whom all of the creditors of the decedent may appear. The section which follows bars the participation of creditors not appearing save in the surplus remaining after payment of the claims properly presented.

We are therefore of the opinion, this cause having been properly treated as one instituted under the provisions of article eight of chapter forty-four, that no final decree could be entered upon a bill taken *pro confesso*. Query: Is it possible under the provisions of our statute to subject the land of a decedent to a judgment lien other than by a proceeding brought under article eight of chapter forty-four?

We are of the opinion that since the allegations of the bill of complaint and accompanying exhibits show that B. F. Hodgman died owning interests in land and without enough personal estate to discharge his indebtedness, that plaintiffs are among the creditors of his estate, and that his personal representatives were qualified more than six months before this proceeding was instituted, the demurrer to the bill was properly overruled.

We have examined this record carefully concerning the distribution of the personal estate amounting to $632.12 realized by the executors by the surrender of decedent's stock in Citizens Saving and Loan Company and claimed by plaintiffs by virtue of their judgment lien, and have been unable to discover error in the decree of distribution, which we think it is unnecessary to discuss in detail.

The principal contention of the plaintiff's in error is that the entire boundary of 29.84 acres is subject to the decedent's indebtedness, including the lien of their judgment.

The plaintiffs are general lien creditors of the B. F. Hodgman estate. The distinction between creditors and purchasers for value under our recording act is well known, and here it is not contended that the beneficial owners are estopped in any way from asserting their interests. *Hamilton & Co.* v. *Steele et al.,* 22 W. Va. 348. See also the discussion in *Ransome* v. *Watson's Administrator, etc.,* 145 Va. 669, 134 S. E. 707. It is true that the deed to Hodgman, Trustee, did not show on its face what interest he held in the property conveyed. It is likewise true, however, that its language does establish the fact that whatever individual interest he held in the tract of 29.84 acres was mainly an equitable interest only. The underlying facts sustain that conclusion. It is contended by the plaintiffs in error that the word "Trustee" following Hodgman's name in the deed to him is *descriptio personae* and therefore he is to be treated as vested with the fee simple title, subject to the lien of their judgment. Conceding for the purpose of discussion only, that the word "Trustee" is to be regarded only as description of the grantee, it does not then follow that the judgment of the plaintiffs can reach beyond the actual Hodgman interest. Remembering the distinction to be drawn between creditors and purchasers for value and the further fact that land may be held in trust by a person not described nor designated as a trustee, but named merely as an individual grantee, we can perceive no theory under which the lien of the plaintiffs' judgment would extend beyond the

Hodgman interest in all of the 29.84 acre tract. Therefore, we think that the trial chancellor's decree was free from error in confining the lien of the plaintiffs' judgment to the Hodgman interest in that tract.

But was the trial chancellor correct in holding that all of the 4.04 acres tract was unaffected by the lien of the plaintiffs' judgment? That would be the practical result, of course, if the principle of inverse order of alienation were applied, and if it were discovered that Hodgman's interest in the remaining part of the 29.84 acres applied first to the indebtedness was sufficient to discharge it in toto. But there is nothing in the record before us to justify that conclusion.

A brief chronology is likely the best background upon which to view the only question presented upon this appeal which we think was incorrectly answered in the court below: Whether the judgment lien attaches to all, or any part of, the parcel of 4.04 acres now owned by the Auction Company, the trial chancellor having subjected to the decedent's indebtedness only his interest in what remained of the tract of 29.84 acres after deducting the 4.04 acre parcel? The following dates we look upon as controlling:

March 29, 1908—The trust agreement in which Hodgman was named as trustee was executed by himself and the other *cestui que* trusts.

December 21, 1909—George W. Blake conveyed the parcel of 29.84 acres, along with other boundaries, to "B. F. Hodgman, Trustee."

May 13, 1933—Marshall County Bank obtained and docketed its judgment against B. F. Hodgman in the amount of $4,541.57.

January 16, 1936—Judgment assigned by bank to Brown and Curtis, trustees for waiving depositors of Marshall County Bank.

February 26, 1936—Hodgman, trustee, conveyed the 4.04 acre parcel, being a part of the 29.84 acre tract, to P. D. Beck.

March 2, 1936—Beck conveyed the 4.04 acres to Moundsville Livestock Auction Company.

May 14, 1938—B. F. Hodgman died testate.

We believe that the controlling principle is that in the absence of some additional showing, the lien of a judgment attaches to the interest of the judgment debtor, nothing more and nothing less. *Snyder* v. *Martin,* 17 W. Va. 276, 41 Am. Rep. 670; *Westinghouse Lamp Co.* v. *Ingram,* 79 W. Va. 220, 90 S. E. 837; *Springston* v. *Powell,* 113 W. Va. 638, 169 S. E. 459. See also, 87 A. L. R. 1506.

From the foregoing, it is apparent that the Hodgman 85/200 interest in the tract of 4.04 acres is held by the Auction Company subject to plaintiffs' judgment lien, and should be decreed to be sold in satisfaction thereof, if the interests with which Hodgman was vested in his own name at the time of his death and which have been decreed to be sold, prove to be insufficient, coupled with the personal estate, to discharge the entire indebtedness of decedent.

The conveyance to B. F. Hodgman as trustee and the agreement under which he held created what is commonly called a business trust, and named no period limiting its duration. The question of the validity of what may be termed a perpetual business trust is not before the court, and would not affect nor concern the parties to this cause. It being a question of first impression in this State, we do not wish our disposition of this matter to be considered as affecting it to the slightest extent.

For the foregoing reasons, the decree of the Circuit Court of Marshall County is modified to the extent of having it adjudge that the 85/200 equitable interest in the 4.04 acres boundary owned by B. F. Hodgman at the time the judgment was docketed is subject to the lien of the plaintiffs' judgment and, as so modified, is affirmed.

Neither the appellants nor appellees having substantially prevailed upon the assigned grounds of error, no costs will be recovered.

*Modified and affirmed.*